IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
EASTERN DIVISION

2008 JUL 24  P 12: 46

| | |
|---|---|
| DOROTHY BAKER, JANICE BROADEN, SHERRY BRONSON, CLASSIE BRYANT, ALBERTA BUCKHANON, LOUISE COOKS, JULIA COTTON LATOFIA CRIMES, LINDA DIDLEY, DENNESSE ELLIS, GEORGE EWELL, WILLIE FRANCE, MAXINE HARRISON, ESSIE HILL, APRIL HURT, CHANELLE JACKSON, ELLA JENKINS, CECIL JONES, LARRY JONES, CATHERINE LANE, KATINA LARKINS, RANZELL MCCLAIN, OLA MCCRAY, RICHARD MOUNT, VALERIE OLIVER, CHARLES PARKER, OLIVA REID, SUSIE RIVERS, RAY SMITH, IDA SPENCER, AND VIVIAN WILLIAMS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| THE PROGRESSIVE CORPORATION, INC., THE PROGRESSIVE SPECIALTY INSURANCE COMPANY, and Fictitious Defendants "A-Z", whether singular or plural, as those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be added by amendment when ascertained, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | |

CIVIL ACTION NO. 3:08 cv592-TFM

## NOTICE OF REMOVAL

Named Defendants Progressive Corporation, Inc. and Progressive Specialty Insurance Company (collectively, "Progressive"), pursuant to 28 U.S.C. § 1446, hereby remove this action from the Circuit Court of Macon County, Alabama, where it is

currently pending, to the United States District Court for the Middle District of Alabama, Eastern Division, the District Court of the United States for the district and division embracing the place where this action is pending.   Removal is based upon federal question jurisdiction.

1.     On May 28, 2008, a civil action was filed in the Circuit Court of Macon County, Alabama by the above named plaintiffs, styled *Dorothy Baker, Janice Broaden, Sherry Bronson, Classie Bryant, Alberta Buckhanon, Louise Cooks, Julia Cotton Latofia Crimes, Linda Didley, Dennesse Ellis, George Ewell, Willie France, Maxine Harrison, Essie Hill, April Hurt, Chanelle Jackson, Ella Jenkins, Cecil Jones, Larry Jones, Catherine Lane, Katina Larkins, Ranzell McClain, Ola McCray, Richard Mount, Valerie Oliver, Charles Parker, Oliva Reid, Susie Rivers, Ray Smith, Ida Spencer, and Vivian Williams v. The Progressive Corporation, Inc., The Progressive Specialty Insurance Company, and Fictitious Defendants "A-Z", whether singular or plural, as those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be added by amendment when ascertained,* Civil Action No. CV-08-900039.   As demonstrated by the letter attached hereto as **Exhibit A**, counsel for Progressive accepted service on behalf of Progressive on June 25, 2008.   Progressive has not filed an answer or otherwise responded to Plaintiffs' complaint.  Plaintiffs have filed a three-count complaint alleging negligence and/or willfulness, suppression, and unjust enrichment arising out of Progressive's alleged failure to provide notice of adverse actions allegedly taken in connection with the policies of insurance issued by Progressive.  Plaintiffs' complaint

claims that the alleged adverse actions were based on or prompted by information
Progressive received in "consumer reports" pertaining to Plaintiffs. A true and correct
copy of all process and pleadings as served upon Progressive is attached hereto as
**Exhibit B**.

2.      As established below, this Court has jurisdiction over this litigation
pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1441
(removal jurisdiction). Less than thirty (30) days have elapsed since service upon
Progressive, and the time within which to answer or otherwise plead has not expired.
Therefore, this Notice of Removal has been filed within the time allowed by law.

## JURISDICTION IS FOUNDED ON FEDERAL QUESTION JURISDICTION

3.      Plaintiffs in this case were members of a class of plaintiffs involved in
multidistrict litigation in a Florida federal court, styled *In re: The Progressive Insurance
Corporation Underwriting and Rating Practices Litigation*, in the United States District
Court for the Northern District of Florida, Gainesville Division, Case No. 1:03-cv-01519
MMP (the "Florida Litigation"). With the possible exception of two,[1] Plaintiffs in this
case chose to opt out of the settlement that has been approved by the federal court in the
Florida Litigation. The claims asserted in the Florida Litigation will, no doubt, forecast
Plaintiffs' allegations in the case at bar. Federal jurisdiction over the Florida Litigation
was based on federal question jurisdiction.

4.      Class members in the Florida Litigation alleged that Progressive failed to
meet the adverse action notice requirements of the Fair Credit Reporting Act ("FCRA"),
15 U.S.C. §§ 1681 through 1681x, which require insurance companies to notify

---

[1] Plaintiffs Essie Hill and Valerie Oliver may be subject to the release of claims entered in the multidistrict litigation in Florida. Without further identifying information, it cannot be confirmed whether Ms. Hill and Ms. Oliver opted out.

consumers when the company takes adverse action based on information contained in consumer reports (e.g., credit reports). *See* 15 U.S.C. § 1681m. Specifically, in the Florida Litigation, the plaintiff class alleged that Progressive violated those FCRA provisions by sending notices to consumers that information found in their credit reports "may" have resulted in Progressive taking adverse action with regard to the issuance and underwriting of insurance policies. Such notices, the plaintiff class alleged, were confusing and shifted the burden to the consumer to determine whether or not their credit information actually contributed to the adverse action.

5.     After years of litigation in federal court, Plaintiffs in this case opted out of the Florida Litigation settlement and now seek to litigate in state court, claiming that Progressive has "violated applicable laws" by failing to give notice of adverse actions taken based on consumer reports. Although Plaintiffs have tried to disguise their claims in this case as state law causes of action, their claims are essentially the same as those federal claims asserted in the Florida Litigation. The claims clearly arise from duties created by the FCRA, and they cannot be adjudicated without the interpretation and application of the FCRA.[2]

6.     For nearly a century, the United States Supreme Court has recognized that federal question jurisdiction exists for claims like those asserted here – even if they are asserted as state law causes of action – that implicate a substantial question of federal law. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). *See also Hill v. Bellsouth Telecom., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004);

---

[2] Given Plaintiffs' history with the Florida Litigation, and given their allegations in the complaint at bar, Plaintiffs' claims in this case will almost certainly raise the same questions litigated and settled in the Florida Litigation.

*West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d

Cir. 1987) (citing *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 201 (1921)).[3]

     7.    To determine whether a state law claim turns on a substantial federal

question, courts must ascertain whether "[the] state law claim necessarily raise[s] a stated

federal issue, actually disputed and substantial, which a federal forum may entertain

without disturbing any congressionally approved balance of federal and state judicial

responsibilities."  *Grable*, 545 U.S. at 314 (finding that case warranted federal

jurisdiction where state superior title claim was premised on IRS's failure to give

adequate notice under federal law).

    A.    **Plaintiffs' Claims Raise a Federal Issue.**

     8.    The FCRA, pursuant to section 1681m, creates and imposes a federal duty

to provide notice of any "adverse action" taken with respect to a consumer when the

adverse action is based, in whole or in part, on information contained in a consumer

report:

> **§ 1681m.  Requirements on users of consumer reports**
>
> (a) Duties of users taking adverse actions on basis of information
> contained in consumer reports
>
> <u>If any person takes any adverse action with respect to any consumer that is
> based in whole or in part on any information contained in a consumer
> report, the person shall –</u>
>
> > <u>(1) provide oral, written, or electronic notice of the adverse action
> > to the consumer;</u>

---

[3] This is a corollary to the generally-applied well pleaded complaint rule. *Hill*, 364 F.3d at 1314. It ensures that a plaintiff does not "disguise inherently federal causes of action" through artful pleading. *See* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3722, at 436 (3d ed.). Under the artful pleading doctrine, federal courts will deviate from the well-pleaded complaint rule in two situations: (1) where the state law claim implicates a substantial federal question; and (2) where there is complete preemption. *See* Miller, Arthur R., *Artful Pleading: A Doctrine in Search of Definition*, 76 TEX. L. REV. 1781, 1784 (June 1998). The Eleventh Circuit recognizes the substantial federal question doctrine as separate and distinct from complete preemption. *See Hill*, 364 F.3d at 1314.

(2) provide to the consumer orally, in writing, or electronically –

> (A) the name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person; and

> (B) a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; and

(3) provide to the consumer an oral, written, or electronic notice of the consumer's right –

> (A) to obtain, under section 1681j of this title, a free copy of a consumer report on the consumer from the consumer reporting agency referred to in paragraph (2), which notice shall include an indication of the 60-day period under that section for obtaining such a copy; and

> (B) to dispute, under section 1681i of this title, with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

15 U.S.C. § 1681m(a) (emphasis added).  The form of the notice, and the information contained therein, must comply with the requirements specified by section 1681m.

9.      "Adverse action," "consumer," "consumer report," and "consumer reporting agency" are terms of art that are specifically defined by the FCRA.  *See* 15 U.S.C. § 1681a(c), (d), (f), and (k).

10.      Under the FCRA, "adverse action" means, in pertinent part, "a denial or cancellation of, an increase in any charge for, or a reduction or other adverse or unfavorable change in the terms of coverage or amount of, any insurance, existing or applied for, in connection with the underwriting of insurance." 15 U.S.C. § 1681a(k).

6

11.    It is abundantly clear that Plaintiffs' allegations here, like the Florida Litigation, invoke the FCRA and its protections.  For instance, Plaintiffs state in their complaint that Progressive "violated applicable laws," alleging that Progressive "utilized a review of Plaintiffs' consumer report[s] or other information from a consumer reporting agency (hereinafter "CRA") in determining premium, terms and underwriting for the policy(s) issued to Plaintiffs.  Based on a review of CRA information, Defendants took adverse action regarding Plaintiffs' polic[ies] of insurance.  Defendant failed to notify Plaintiffs of the same."  *See* Pls.' Compl. at ¶¶ 6-8.  Federal question jurisdiction is proper where, as here, the resolution of claims (even though concealed as state law causes of action) depend on the interpretation and application of federal law.  *See, e.g., Ayres v. General Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000).[4]

12.    In contrast, there is no Alabama common law duty for an insurer to provide notice of an adverse action based upon a credit or consumer report.  *See Hovater v. Equifax, Inc.*, 823 F.3d 413, 416 (11th Cir. 1987) (despite Alabama's imposition of a duty of good faith to their insureds, insurers do not have a confidential relationship with their insureds such that they owe their insureds a duty to divulge potentially defamatory statements in a credit report received from a credit reporting agency); *Gall v. American Heritage Life Ins. Co.*, Inc., 3 F. Supp. 2d 1344, 1353 (S.D. Ala. 1998) (finding no authority that insurer had duty to disclose basis of premium calculation or insurance rate).

---

[4] The plaintiffs' complaint in *Ayres* alleged that "[t]he defendants have repeatedly used the mails and wires to perpetrate their scheme of fraudulent concealment of the defect with engine control modules," and "based the Georgia RICO claim on the defendants' conspiracy to 'deprive Plaintiffs of money by multiple illegal acts which involved use of the mails and wires and which constitute a pattern of racketeering activity in violation of the Georgia RICO Act.'"  *Id.* at 518.  The Court found that it was "abundantly clear" that the plaintiffs' allegations referred to the protections of the federal mail and wire fraud statutes.  *Id.* at 518-19 (holding federal subject-matter jurisdiction proper where resolution of claims depended on the interpretation of the federal mail and wire fraud statutes).

*See also Mathews v. Government Employees Ins. Co.*, 23 F. Supp. 2d 1160, 1165 (S.D. Cal. 1998) (granting summary judgment for defendant on plaintiff's negligence claim because "[t]here is no duty at common law to inform individuals of an adverse decision based upon their credit history").

13.     Therefore, in addition to the fact that Plaintiffs' express allegations invoke the duties imposed by the FCRA, Plaintiffs simply do not have any cause of action under Alabama common law.

**B.     The Federal Question Raised by Plaintiffs' Claims is Substantial.**

14.     The federal question raised by Plaintiffs is substantial because it obviously is an essential element of Plaintiffs' claims, and those claims will necessarily turn on an interpretation of federal law – i.e., the FCRA.  *See Ayres,* 234 F.3d at 519 ("[F]ederal question jurisdiction exists where a plaintiff's cause of action has as an essential element the existence of a right under federal law which will be supported by a construction of the federal law concluding that the [violation] is established, but defeated by another construction concluding the opposite.").[5]

15.     The FCRA does not merely set a standard for a state law claim, nor is it brought to bear only as a defense to Plaintiffs' claims; rather, it is the only basis to allege a duty to notify Plaintiffs of an adverse action.  The duty created by the FCRA, therefore, is indeed an essential element of Plaintiffs' claims.  Plaintiffs' claims will necessarily depend upon the application and interpretation of the FCRA – specifically, what the

---

[5] *See also Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 199 (1921) (finding proper federal jurisdiction where plaintiff sought to enjoin company from investing funds in farm loan bonds under authority of the Federal Farm Loan Act, arguing against the constitutionality of the Act).

FCRA requires in terms of the form of notice and when that notice must be given. *See id.* Without the FCRA, there is no basis for Plaintiffs' claims.

16.     Furthermore, the questions raised under the FCRA will have widespread precedential value on an important and substantial federal issue – the national economy and the continued workings of the national credit system. *See* S. Rep. No. 108-166, at 6-11, 20 (2003) (emphasizing the substantial interest the federal government has in the subject matter regulated by the FCRA and in a national uniform standard for such regulation; and stating that "the adverse action notice is the primary tool the FCRA contains to ensure that mistakes in credit reports are discovered...."). *See also* 15 U.S.C. § 1681(a)(1) ("Congressional Findings and Statement of Purpose").

17.     Thus, where, as here, the federal questions implicated by claims asserted in a cause of action are both essential and dispositive of the action, those questions obviously are substantial for purposes of establishing federal jurisdiction. *See generally Hill*, 364 F.3d at 1317 (reversing remand because plaintiff's state law claims were removable where implicated judicially created federal filed-rate doctrine); *Newton v. Capital Assurance Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001) (complaint alleging breach of a Standard Flood Insurance Policy, the interpretation of which is governed by federal common law, can be removed because it raises a substantial federal question); *Adventure Outdoors, Inc. v. Bloomberg*, 519 F. Supp. 2d 1258, 1267 (N.D. Ga. 2007) (finding state law claims of defamation and libel belonged in federal court where essential element was whether or not defendants violated federal firearms statute; violation of federal firearms regulations was important issue of federal law); *Mitchell v. Osceola Farms Co.*, 408 F. Supp. 2d 1275, 1280 (S.D. Fla. 2005) (finding federal question jurisdiction where state

law claim implicated an immigration issue, in which the federal interest in regulating is "unquestionably substantial"); *Becnel v. KPMG, LLP*, 387 F. Supp. 2d 984, 986 (W.D. Ark. 2005) (substantial federal question existed where state law fraud and unjust enrichment claims depended upon interpretation of portions of the United States Code); *Guardian Nat'l Acceptance Corp. v. Swartzlander Motors, Inc.*, 962 F. Supp. 1137, 1142-43 (N.D. Ind. 1997) (federal jurisdiction appropriate for plaintiff's state law breach of contract claim because essential to claim is proof that defendant violated the Truth in Lending Act).

     **C.**     <u>**This Case Belongs in Federal Court.**</u>

     18.     Finally, removal of this case will not disturb the balance of federal and state judicial responsibilities.  Plaintiffs' claims are not merely state law claims that implicate a federal statute; rather, they can be maintained <u>only</u> pursuant to and by virtue of federal law.  Alabama common law does not recognize any duty to notify consumers of adverse actions based upon credit information.  Even if it did, Congress has expressly preempted any state laws with regard to the entire subject matter of notice of adverse actions under the applicable portions of section 1681m:

> No requirement or prohibition may be imposed under the laws of any State--
>
> > (1) with respect to any "subject matter" regulated under --
> > ***
> > (C) subsections (a) and (b) of section 1681m of this title, relating to the duties of a person who takes any adverse action with respect to a consumer; ...

15 U.S.C. § 1681t(b)(1)(C).

     19.     There is no basis for bringing a suit such as this under Alabama common law.  Simply put, this is not a state action.  Removal of this case, then, would not

undermine Congressional intent or cause an overwhelming influx of federally-filed cases that belong in state court. This case indeed belongs in federal court.

## CONCLUSION

20.    This Notice of Removal has been filed within the time allowed by law.

21.    Pursuant to 28 U.S.C. § 1446(a), a copy of the process, pleadings, and orders filed in the Circuit Court of Macon County, Alabama are attached hereto as **Exhibit B.**

22.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441. There is federal question jurisdiction.

23.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Macon County, Alabama, and written notice is being given to all adverse parties.

WHEREFORE, Defendants Progressive Corporation, Inc. and Progressive Specialty Insurance Company remove this action from the Circuit Court of Macon County, Alabama, to this Court and said Defendants pray that this Court will assume jurisdiction over this civil action to the exclusion of any further proceedings in the aforesaid state court.

Respectfully submitted,

WILLIAM C. ROEDDER, JR.  (ROE005)
broedder@mcdowellknight.com
RUSSEL MYLES  (MYL001)
rmyles@mcdowellknight.com
HEATHER GUIDRY HORNBSY (GUI013)
hhornsby@mcdowellknight.com
Attorneys for Defendants

Progressive Corporation, Inc.
Progressive Specialty Insurance Company

**OF COUNSEL**:

**MCDOWELL KNIGHT ROEDDER**
      **& SLEDGE, LLC**
Post Office Box 350
Mobile, Alabama 36601
Phone: (251) 432-5300
Fax: (251) 432-5303
www.mcdowellknight.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 23 rd day of July, 2008, served a copy of the foregoing upon counsel for all parties to this proceeding by mailing the same by United States mail, properly addressed and first class postage prepaid.

HEATHER GUIDRY HORNSBY

**COUNSEL OF RECORD**:

Valerie Rucker Russell
Jock M. Smith
COCHRAN, CHERRY, GIVENS
      & SMITH
Post Office Box 830419
Tuskegee, Alabama 36083
Phone: (334) 727-0060
Fax: (334) 727-7197